### T. M. HOUGHTON V. THE STATE.

No. 9825. Delivered January 20, 1926.

**1.—Assault and Battery—Charge of Court—On Principals—Incorrect.**

Where, on a trial for an assault and battery, the court having charged on the law of principals, it was error to refuse a requested charge of appellant, that if appellant went to the scene of the difficulty, without knowledge of the intent of Jones to assault Wilson, he would not be guilty as a principal, unless, by his words, acts or gestures he aided or encouraged Jones in the commission of the offense. In refusing to give this charge, we are of the opinion that the learned trial judge was in error.

**2.—Same—Charge of Court—Issue Not Raised—Error to Submit.**

Where, on a trial for an assault there being no evidence that appellant was a particeps criminis by reason of a previous agreement with the principal offender, and no evidence of cooperation of the appellant in the assault, it was error to submit such issues in the charge of the court.

Appeal from the County Court of Floyd County. Tried below before the Hon. E. C. Nelson, Jr., Judge.

Appeal from a conviction of an assault and battery, penalty a fine of $25.00.

The opinion states the case.

*Matthews & Folley,* of Floydada, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry. Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is assault and battery; punishment fixed at a fine of twenty-five dollars.

An assault upon J. J. Wilson was made by Fred Jones under the following circumstances: Wilson was superintendent of the Floydada public schools. Jones and the appellant were pupils. They were taken to task by him because of their absence from school. Jones became offended and challenged Wilson to fight. He declined and was subsequently attacked by Jones. At the time of the attack, Wilson was overtaken on

the street by an automobile in which Jones and several other boys, including the appellant, were riding. None of the boys except Jones got out of the car or took any part in the affray. The testimony of Jones, appellant and others, was affirmative to the point that appellant joined the party who was riding in the automobile on the streets and that he took no part in aiding or encouraging Jones. There was testimony also that the other boys in the car were likewise ignorant of the intent of Jones and that they took no part in the affray. Appellant was not present when Jones had previously made an offer to fight Wilson.

The information contained two counts. The first was for an unlawful assembly; the second was for an assault. The court gave a written charge upon both of these issues. The charge is quite voluminous and is assailed upon many grounds. The law of principals, as embraced in Articles 75 and 78 of Vernon's Tex. Penal Code, is given in the charge. These phases of the Statute, that is, aiding or encouraging the principal actor, while present and knowing of the unlawful intent, and making one a principal who, in advance, agrees to the commission of the offense and is present at the time it is committed, were submitted, from the State's standpoint, in much detail.

Bill No. 23 reflects the fact that appellant requested and the court refused to give an instruction to the effect that if the appellant went to the scene of the difficulty without knowledge of the intent of Jones to assault Wilson, he would not be guilty as a principal, unless, by his acts, words or gestures, he aided or encouraged Jones. In refusing to give this charge, we are of the opinion that the learned trial judge was in error.

The evidence, if any, that the appellant agreed in advance to the commission of the offense is extremely meagre. Unless there was a previous agreement, we perceive no evidence of cooperation of the appellant in the assault. The State's attorney in this court expresses the opinion that the evidence does not warrant the conviction. It may be different upon another trial. If not, we are of the opinion that the issue should not be submitted to the jury.

We will add that if another trial takes place, the conversation between Dr. Houghton and Ed Jones in the absence of the appellant should not be received. It was hearsay.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*